HEARD NOVEMBER TERM, 1877.

HORNESBY *vs.* BURDELL.

A Judge has no jurisdiction at chambers, against the consent of a party, to hear and determine the issues of an action brought in the Court of Common Pleas.

A perpetual injunction, against the consent of a party, cannot be granted at chambers, or until the issues of the action have been heard and determined.

*Semble,* That where the Judge of another circuit grants a temporary injunction, whatever is necessary to give him jurisdiction must appear upon the record.

*Semble,* Where it is sought to restrain the judgment of a Court of Trial Justices and freeholders in a case of landlord and tenant on the ground of want of jurisdiction, prohibition and not injunction is the proper remedy.

Injunction does not lie to restrain the execution of a judgment of a special tribunal created by statute. *Certiorari* is, it seems, the proper remedy.

BEFORE MACKEY, J., AT COLUMBIA, NOVEMBER 16, 1875.

This was an action by James Hornesby and wife and their minor children against John Burdell and wife and John Doby, Sheriff.

The following statement contains the facts on which the appeal was heard :

James Hornesby being seized of a tract of 230 acres of land mortgaged the same to Burns & Boswell for a debt due by his sealed note, July 8, 1864. Subsequently 204½ acres of said land was sold for taxes and penalties ($24 27) due by Hornesby, and bought by Lemuel Boswell, survivor of Burns & Boswell, July 22, 1872; and the County Auditor executed and delivered to the purchaser a title for the same in due form, bearing that date. Twenty-five acres of same land had been bid in at a sale for taxes unpaid the year previous by the Auditor. Afterwards the said Boswell and Marietta Burns, executrix of C. B. Burns, (the deceased co-partner of Boswell,) made their joint deed for valuable consideration, conveying the whole of said tract of land to Mary Johnson, now Burdell, the defendant, and assigned to her the mortgage on said land.

Afterwards (on February 15, 1874,) James Hornesby, still in possession, entered into an agreement with defendant, John Burdell, acting as agent for the said Mary Johnson, for the rent of the premises for that year, giving a lien on his crops and a mortgage of certain chattels to secure the rent. The rent not having been paid when due, under the Clerk's warrant some cotton was seized under the lien and some of the mortgaged chattels taken under the mortgage, and the whole was sold by the Sheriff to pay the rent, but the whole proved insufficient for that purpose.

Hornesby holding on and refusing to give possession of the premises at the end of the year, proceedings were had before two Trial Justices and a jury to oust him, and upon the findings of the jury in favor of the landlord the proper writ of restitution was issued by the Justices.

Hornesby claimed a right of appeal and a suspension of the warrant pending the appeal, which was denied. He then applied to Hon. R. B. Carpenter, Judge of the Fifth Circuit, for a writ of prohibition, and, failing in that, for a stay of the writ of restitution until an appeal could be heard by the Court of Common Pleas, both of which motions were refused and the right of appeal denied.

August 27, 1875, defendants were served with the summons and complaint in this action, which demanded that the said mortgage be declared null and void, because the land in question was the homestead of Hornesby and family and not subject to his mortgage.

2. That the tax title be declared null and void for various specified irregularities.

3. That the deed of Mrs. Burns and Boswell to Mary Johnson and the assignment of said mortgage and tax title to said Mary Johnson be declared as illegal and void for a want of consideration and a cloud upon plaintiffs' title.

4. For a writ of perpetual injunction to restrain the said John Burdell and Mary, his wife, from disturbing plaintiffs' possession.

With the summons and complaint was served an order of Judge Mackey's, dated August 19, 1875, enjoining defendants, as prayed, temporarily, and ordering them to show cause before him at Columbia on the 17th day of September then next why this injunction should not be made perpetual and the prayer of the complaint granted.

The defendants filed their answer in due time and appeared before Judge Mackey, as required by them in the order. Defendants, pursuant to notice, asked for a modification of the order so as to require plaintiff to give an undertaking, with good security, to pay the defendant Mary Burdell such damage as she might suffer by reason of said injunction, and also to refer the question as to whether the injunction should be made perpetual to the hearing of this action upon its merits by the Court of Common Pleas sitting for Kershaw County, upon the issues made in due course of law, supporting the motion by affidavit.

The motions were refused and defendants excepted.

The cause was then and there heard upon affidavits, and on the 26th day of November, 1875, His Honor Judge Mackey gave judgment for plaintiffs:

1. Making the injunction perpetual.

2. Adjudging the land to be the homestead of plaintiffs and of less value than $1,000.

3. Declaring the mortgage void.

4. Declaring void the agreement for rent.

5. Ordering the defendants to account before the Clerk of the Court for the value of the cotton and chattels sold for the rent, and that the Clerk report the value and the damages to plaintiffs, by reason of the seizure, within twenty days after the reception of this order.

6. That the tax deed is void and of no effect.

7. That defendants pay the costs and have execution therefor.

The following certificate of His Honor Mackey, J., was submitted to the Court by the respondents' counsel:

"I hereby certify that the order for a temporary injunction, designated as 'Order No. 1,' at page 5 in the brief of the above entitled cause, now pending in the Supreme Court, was made by me, at my chambers in Chester, on the 19th day of August, 1875, upon the complaint of the plaintiffs therein, submitted as an affidavit, and upon its appearing that the Judge of the Fifth Circuit was absent from his circuit.

"I further certify that Columbia was designated by me as the place at which the defendants were required to show cause why the said injunction should not be made perpetual upon the urgent solicitation of W. L. DePass, Esq., counsel for plaintiffs, for the convenience of himself and the counsel for the defendants, both of whom resided at Camden. If I had entertained the impression that the counsel for the defendants would have made it a ground for exception that I should have heard the cause at Columbia, beyond the limits of my own circuit, that impression would have been instantly dissipated by the fact that the counsel for the defendants, himself, on the day of the hearing in the Court room at Columbia, returned me his thanks for repairing to Columbia to

hear the cause, instead of subjecting him to the inconvenience of proceeding to Chester."

*Kershaw,* for appellant.

*DePass,* contra.

November —, 1877.   The opinion of the Court was delivered by

McIVER, A. J.   This action having been commenced prior to the filing of the decisions of this Court in the *Homestead Building and Loan Association* vs. *Enslow,* heard at November Term, 1875, and *Rosenberg* vs. *Levi,* heard at April Term, 1876, was doubtless based upon the idea that the head of a family could not, since the adoption of the Constitution of 1868, give a mortgage of real estate which would avail against the right of homestead secured by the Constitution, for this alone can account for the addition of the wife and children as parties plaintiff.   These cases having shown the fallacy of such an idea, the wife and children are not only unnecessary but improper parties, and the case may, therefore, be treated as if James Hornesby was the sole plaintiff.

The facts of the case must be gathered alone from the statements contained in the "case" as presented here, and any additional statements incorporated in the brief submitted by the counsel for respondents must be wholly disregarded as *ex parte* and not properly before us.

If counsel are dissatisfied with the statements of fact contained in the "case," as presented by the appellant, and desire to correct any misstatement of facts therein, or add additional facts, the proper mode of so doing is clearly pointed out in the rules of the Court; and if parties fail to adopt the mode prescribed, they cannot expect the Court to adopt or act upon any *ex parte* statements made in the argument.

It is very obvious that the issues in this action were improperly heard at chambers, and, therefore, without entering into a consideration of any of the various questions raised, it is sufficient to say that the Circuit Judge had no jurisdiction to determine these issues at chambers; certainly not upon affidavits, and in face of the objection made by the counsel for the appellants, and therefore the judgment determining these issues in favor of the plaintiffs must be set aside.   It appears, however, that one of the

objects of the action was to obtain an injunction to restrain the defendants from proceeding to oust the plaintiffs from the possession of a certain tract of land in Kershaw County under a warrant issued by the two Trial Justices under a proceeding had before them to eject the plaintiff, James Hornesby, as tenant of the defendant, Mary Burdell, holding over under a lease which had expired. A temporary injunction was granted, without notice to the defendants, by the Judge of the Sixth Circuit, a circuit which does not embrace the County of Kershaw, where the action was instituted, and the record does not show that this application was made to the Judge of the Sixth Circuit because of the absence or inability to act of the Judge of the Fifth Circuit, to which the County of Kershaw is attached. This order of temporary injunction also required the defendants to show cause before the Judge of the Sixth Circuit, on a day fixed, at Columbia, which is out of the limits of the Sixth Circuit, why such "injunction should not be made perpetual and the prayer of the complaint granted."

On the day appointed by this order the parties appeared, by their counsel, before the Judge of the Sixth Circuit, at Columbia, when the counsel for defendants "excepted to the hearing of the case at chambers," which exception was overruled, and the Judge proceeded to hear the case upon affidavits and argument of counsel, and at a subsequent day he rendered judgment for the plaintiffs upon all the issues in the action, amongst other things making the injunction perpetual, and upon this error is assigned.

While it is undoubtedly true that a Circuit Judge may, in a case of which he has jurisdiction, upon a proper showing, grant an interlocutory or temporary injunction, at chambers, to continue until the final hearing of the case on its merits, it is very clear that a perpetual injunction cannot be granted until the case is fully heard upon its merits and the issues raised determined by the tribunal having authority to make such determination.—High on Inj., § 3.

Now if, as we have seen, the issues in this action were not properly triable by the Judge at chambers against the consent of one of the parties, the judgment granting a perpetual injunction was erroneous and must be set aside.

As to the interlocutory or temporary injunction, it may well be doubted whether the action of the Circuit Judge in granting it without a showing on the record of the absence or inability of the Judge of the Fifth Circuit could be sustained, upon the principle

that all facts necessary to give jurisdiction should appear upon the record. But taking it for granted, as we are disposed in justice to the Circuit Judge to do, that he would not have assumed jurisdiction unless it had been made to appear satisfactorily to him that the Judge of the Fifth Circuit was absent, the question still remains whether the injunction was properly granted.

It will be observed that this was an application to enjoin the execution of the judgment of a Court of Trial Justices and freeholders, a special tribunal, erected by statute for a special purpose, rendered in a case of which such tribunal must have had jurisdiction; for if it did not, then the remedy was by prohibition.—*Leman* vs. *Goutly*, 3 T. R., 4; *Adams* vs. *Rush*, 2 Stra., 1133; *Wainwright* vs. *Bagshaw*, 2 Stra., 914; *McDonald* vs. *Bonner* vs. *Elfe*, 1 N. and McC., 501; *State* vs. *Wakely*, 2 N. and McC., 410; *Leonard's* case, 3 Rich., 113. And as this remedy seems actually to have been resorted to and failed, there is additional reason for assuming that the Court had jurisdiction. We have, then, an application to restrain by injunction the execution of the judgment of a special tribunal created by statute for the purpose of affording a cheap and expeditious mode of ejecting a tenant who holds over after the expiration of his lease in a case of which it had jurisdiction, and the question is whether injunction is the proper remedy.

In High on Injunction, Section 31, it is said: "Where a positive statutory remedy exists for the redress of particular grievances, a Court of equity will not interfere by injunction and assume jurisdiction of the questions involved, nor will it enjoin proceedings under such statutory remedy, since such interference would place the judicial above the legislative power of the government." In support of this doctrine he cites the case of *Brown's* appeal, (66 Penn. Stat., 155,) which was very much such a case as the one now before the Court, and fully supports the doctrine laid down in the text. The authorities in this State demonstrate that the proper remedy in such a case is by writ of *certiorari*.—*State* vs. *Senft & Prioleau*, 2 Hill, 369; *Cooper* vs. *Stoeker*, 9 Rich., 292; *Follin & Forgeaud* vs. *Coogan*, 12 Rich., 44. If, therefore, as we have seen, injunction is not the proper remedy to correct the errors or relieve a party from the effects of an alleged erroneous judgment of the Court of Trial Justices and freeholders, it should not have been granted. As Butler, J., in *Leonard's* case, *supra*, remarks: "There is a wide difference between the different modes of bringing up cases for review and re-

vision from inferior tribunals to the Courts of superior jurisdiction, and they ought not to be confounded from a desire to do justice in one form when it should be applied for in another."

The judgment of the Circuit Judge, together with the orders of injunction, are, therefore, set aside, and the case is remanded to the Court of Common Pleas for Kershaw County for trial.

Motion granted.

*Willard*, C. J., and *Haskell*, A. J., concurred.